JUDGE BUCHWALD

**12 CIV 5147**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PETER QUINONES,                                    *DKT#:*

                      Plaintiff,            **COMPLAINT**

    - against -                              **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,                           **ECF CASE**
P.O. SCHEINBLUM (Shield # 28929),
LIEUTENANT COURTIEN (Tax ID # 906016),
Police Officers "JOHN DOE" #1-10, Individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently
unknown),

                      Defendant.
------------------------------------------------------------x

    Plaintiffs, PETER QUINONES, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

    1. Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the

First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

    3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, PETER QUINONES, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. SCHEINBLUM (Shield # 28929), LIEUTENANT COURTIEN (Tax ID # 906016), and P.O. "JOHN DOE" #1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On or about May 16, 2012, at approximately the defendant was at the location of 154 Broome Street, in New York County.

14. While at the location, P.O. SCHEINBLUM (Shield # 28929), LIEUTENANT COURTIEN (Tax ID # 906016), and P.O. "JOHN DOE" # 1-10 executed a search warrant at the location and entered the apartment.

15. Prior to the police entering the apartment, the Plaintiff was at the location for a brief period of time.

16. The Plaintiff was not a resident of the apartment that was subject to the search warrant.

17. The Defendant Police Officers searched the apartment.

18. Upon searching the residence the Defendant Police Officers located narcotics that were concealed on a book shelf.

19. The narcotics that were located by the Defendant Police Officers were not in open view inside the apartment and there was no evidence demonstrating an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance.

20. Penal Law § 220.25, relates to "constructive possession" over drugs, and states:

> 1. The presence of a controlled substance in an automobile, other than a public omnibus, is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found; except that such presumption does not apply (a) to a duly licensed operator of an automobile who is at the time

      operating it for hire in the lawful and proper pursuit of his trade, or (b) to any person in the automobile if one of them, having obtained the controlled substance and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (c) when the controlled substance is concealed upon the person of one of the occupants.

2. The presence of a narcotic drug, narcotic preparation, marihuana or phencyclidine in open view in a room, other than a public place, under circumstances evincing an intent to unlawfully mix, compound, package or otherwise prepare for sale such controlled substance is presumptive evidence of knowing possession thereof by each and every person in close proximity to such controlled substance at the time such controlled substance was found; except that such presumption does not apply to any such persons if (a) one of them, having obtained such controlled substance and not being under duress, is authorized to possess it and such controlled substance is in the same container as when he received possession thereof, or (b) one of them has such controlled substance upon his person.

21. Neither sub-section of Penal Law § 220.25 applied to the Plaintiff in this case.

22. The Defendants, P.O. SCHEINBLUM (Shield # 28929), LIEUTENANT COURTIEN (Tax ID # 906016), and P.O. "JOHN DOE" # 1-10, were aware of Penal Law §220.05, knew the terms of the statute, and knowingly, intentionally, willfully and/or recklessly disregarded the statute.

23. The Plaintiff was not in possession of the narcotics recovered by the police pursuant to the Search Warrant that was executed.

24. The Plaintiff was unaware that the narcotics recovered were concealed on the book shelf where they were recovered by the Defendant Police Officers.

25. Despite the fact that the Plaintiff was not in possession of the narcotics recovered, and despite the fact that Plaintiff was unaware that the narcotics were concealed on the bookshelf, and despite the fact that Penal Law §220.25 did not apply to the Plaintiff, the Defendants, P.O.

SCHEINBLUM (Shield # 28929), LIEUTENANT COURTIEN (Tax ID # 906016), and P.O. "JOHN DOE" # 1-10, arrested the Plaintiff.

26. The Defendants, P.O. SCHEINBLUM (Shield # 28929), LIEUTENANT COURTIEN (Tax ID # 906016), and P.O. "JOHN DOE" # 1-10, had no probable cause to arrest the Plaintiff.

27. The criminal charges against the Plaintiff were dismissed.

28. The Plaintiff was in jail for approximately fourteen (14) days as a result of his arrest.

29. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff PETER QUINONES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants

in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

35. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff PETER QUINONES was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

38. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

39. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

41. As a result of defendants' aforementioned conduct, plaintiff PETER QUINONES and was subjected to an illegal, improper and false arrest by the defendants and taken into

custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

42. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of PETER QUINONES's constitutional rights.

43. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against PETER QUINONES.

46. Defendants lacked probable cause to initiate criminal proceedings against STEVEN HOYTE.

47. Defendants acted with malice in initiating criminal proceedings against STEVEN HOYTE.

48. Defendants were directly and actively involved in the continuation of criminal proceedings against PETER QUINONES.

49. Defendants lacked probable cause to continue criminal proceedings against PETER QUINONES.

50. Defendants acted with malice in continuing criminal proceedings against STEVEN HOYTE.

51. Notwithstanding the conduct of the Defendants, the criminal proceedings were

terminated in PETER QUINONES's favor when all criminal charges against him were dismissed.

52. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

54. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

55. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

56. Defendants acted with intent to do harm to PETER QUINONES without excuse or justification.

57. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

59. Each of the Defendants including conspired to violate Plaintiff's civil rights by

agreeing among themselves to engage in the conduct set forth above for which the defendants are individually liable.

60. All of the aforementioned Defendants conspired by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

62. Defendants including P.O. SCHEINBLUM (Shield # 28929), LIEUTENANT COURTIEN (Tax ID # 906016), and P.O. "JOHN DOE" # 1-10, subjected the Plaintiff to violations of his federally protected civil rights, including a False Arrest and Malicious prosecution.

63. The acts complained of were carried out by the aforementioned defendant police officers in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

64. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the THE CITY OF NEW YORK, all under the supervision of ranking officers of said department.

65. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK, include but are not limited to the following unconstitutional practices:

    (a) Subjecting individuals to False Arrests and Malicious prosecution without probable cause;

    (b) Violating the constitutional rights of citizens of the United States and State of New York.

66. The existence of the aforesaid unconstitutional customs and policies may be inferred from the following:

    (a) Eleven (11) Civil Rights Lawsuits brought against Lieutenant Courtien (Tax ID # 906016), under the following Federal Civil Case numbers:

        (i)    2001-cv-01655
        (ii)   2006-cv-00523
        (iii)  2006-cv-09437
        (iv)  2009-cv-05597
        (v)   2010-cv-01114
        (vi)  2010-cv-06005
        (vii) 2011-cv-03054
        (viii) 2011-cv-03883
        (ix)  2011-cv-04442
        (x)   2011-cv-05644
        (xi)  2012-cv-01707

    (b) Two (2) Civil Rights Lawsuits brought against P.O. Scheinblum (Shield # 28929), under the following Federal Civil Case numbers:

        (i)   2010-cv-03513
        (ii)  2010-cv-04684

67. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were

directly responsible for the violation of plaintiff's constitutional rights.

70. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights

## **DAMAGES AND RELIEF REQUESTED**

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

72. All of the foregoing acts by defendants deprived PETER QUINONES of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

73. By reason of the aforesaid conduct by defendants, plaintiff PETER QUINONES is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff PETER QUINONES demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated: New York, NY
       June 22, 2012

By: _____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832